IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MAURICE C. LAND,                        :
                                        :
        Plaintiff,                      :
                                        :
    v.                                  :   Civil Action No. 04-338-JJF
                                        :
VINCENT BIANCA, KENT RAYMOND,           :
MS. GARRISON, LT. SMITH,                :
THOMAS CARROLL, AND STATE OF            :
DELAWARE DEPT. OF PROBATION             :
AND PAROLE,                             :
                                        :
        Defendants.                     :

Maurice C. Land, <u>Pro Se</u> Plaintiff.

# MEMORANDUM OPINION

October 5, 2005
Wilmington, Delaware

**Farnan, District Judge.**

The Plaintiff, Maurice C. Land, a <u>pro se</u> litigant, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, Plaintiff's Complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed <u>in forma pauperis</u> and assessed an initial partial filing fee of $4.00. Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1] If the Court finds Plaintiff's

---

[1]These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an <u>in forma pauperis</u> complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner <u>in forma pauperis</u> complaints seeking redress from governmental entities, officers, or employees before docketing,

Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as the appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual

---

if feasible, and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of Section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." <u>Id.</u>

## II. DISCUSSION

By his Complaint, Plaintiff alleges that he was denied procedural due process when his parole status was revoked. Plaintiff contends that he was denied a preliminary hearing, the right to present favorable evidence and witnesses, and a written statement giving notice of the violation. Plaintiff further contends that probable cause did not exist to find that he was in violation of parole.

Revocation of parole is the deprivation of a liberty interest, and thus, procedural due process does apply. <u>Morrissey v. Brewer</u>, 408 U.S. 471, 480 (1972). While parolees must be afforded due process, "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." <u>Id</u>.

In <u>Morrissey</u>, the Supreme Court held that a parolee is

---

[2] <u>Neitzke</u> applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. <u>See</u> § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

entitled to minimum due process requirements. The Court ruled that a parolee is entitled to two hearings: a preliminary hearing at the time of the arrest and detention to determine whether probable cause exists to believe the parolee violated his parole, and a final revocation hearing. Id. at 485-89. However, the Morrissey Court specifically noted that "we cannot write a code of procedure...our task is limited to deciding the minimum requirements of due process." Id. at 488-89. As such, "[u]nder the facts of Morrissey, the two-hearing requirement was just one way to satisfy minimum due process; it is not the only way in every case." Pierre v. Washington State Board of Prison Terms and Paroles, 699 F.2d 471, 473 (9th Cir. 1983).

In Land v. Carroll, 2004 U.S. Dist. LEXIS 11577 (D. Del. June 23, 2004), this Court determined that the petitioner's due process rights under Morrissey were not violated when the petitioner was brought before the Institution Classification Board (M.D.T.) and then before the Board of Parole. The Court concluded that the Board's finding established probable cause for the parole violation and that the hearing satisfied the requirements set forth by Morrissey. Id. at *14-15.

In this case, Plaintiff alleges that his procedural due process rights were violated because he was denied a preliminary hearing. However, Plaintiff's case is similar to Land in that Plaintiff was brought before the M.D.T. and then before the Board

of Parole. The Board's findings establish the requisite probable cause for a parole violation, and the requirements of procedural due process under Morrissey were met.

Plaintiff also alleges that his procedural due process rights were violated by the Defendants' failure to give him written notice of the violation. Morrissey provides that one requirement of procedural due process for parole revocation is "written notice of the claimed violations of parole." Morrissey, 408 U.S. at 489. In his Complaint, Plaintiff stated that he was informed by Defendants that he had violated parole when traces of cocaine were found in his urine. (D.I. 2, p.3). Such oral notice is sufficient, given the flexibility in procedures permitted under Morrissey. United States ex rel. Flores v. Cuyler, 511 F. Supp. 386, 390 (E.D. Pa. 1981).

Because Plaintiff was brought before M.D.T. and the Board of Parole, and because Plaintiff received oral notice of the parole violation, the Court concludes that Plaintiff cannot maintain a cause of action under Section 1983 for the alleged violation of Plaintiff's procedural due process rights. Accordingly, the Court will dismiss Plaintiff's Complaint as frivolous.

An appropriate order will be entered.